# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | | |
|---|---|---|---|
| **CHAIRMAN:**<br>Judge John G. Heyburn II<br>United States District Court<br>Western District of Kentucky | **MEMBERS:**<br>Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California<br><br>Judge J. Frederick Motz<br>United States District Court<br>District of Maryland<br><br>Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas<br><br>Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit<br><br>Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | **DIRECT REPLY TO:**<br>Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002<br><br>Telephone: [202] 502-2800<br>Fax:        [202] 502-2888<br><br>http://www.jpml.uscourts.gov |

June 19, 2007

William T. Walsh, Clerk
1050 Mitchell H. Cohen U.S. Courthouse
400 Cooper Street
Camden, NJ 08102

FILED
LODGED
RECEIVED    MAIL

JUN 25 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                               DEPUTY

C07-411
C07-453
C07-454
C07-455
C07-457

Re: MDL-1850 -- In re Pet Food Products Liability Litigation

(See Attached Schedule A of Order)

Dear Mr. Walsh:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

07-CV-00411-MAN

Dockets.Justia.com

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Thomas Fettimore_
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

    Transferee Judge:   Judge Noel L. Hillman

cc w/order only:   Transferee Chief Judge:   Judge Garrett E. Brown, Jr.

cc w/order and Rule 1.6, R.P.J.P.M.L.:

    Transferor Clerk(s):   Bruce Rifkin
                            Christopher R. Johnson
                            Clarence Maddox
                            Kevin F. Rowe
                            Michael W. Dobbins
                            Patricia L. McNutt
                            Sherri R. Carter

    Transferor Judge(s):   Judge Wayne R. Andersen
                            Judge Robert N. Chatigny
                            Judge James I. Cohn
                            Judge John C. Coughenour
                            Judge Robert T. Dawson
                            Judge Jimm Larry Hendren
                            Judge George Herbert King
                            Judge Ricardo S. Martinez
                            Judge Marsha J. Pechman
                            Judge Thomas W. Phillips

JPML Form 33

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 19 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1850*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PET FOOD PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,\* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of thirteen actions listed on the attached Schedule A and pending in eight districts as follows: five actions in the Western District of Washington; two actions in the Western District of Arkansas; and one action each in the Central District of California, the District of Connecticut, the Southern District of Florida, the Northern District of Illinois, the District of New Jersey, and the Eastern District of Tennessee. Before the Panel are three motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all of these actions.[1] All responding parties agree that centralization is appropriate, but differ regarding the most appropriate transferee district for this litigation. In favor of the District of New Jersey as transferee district are moving Central District of California and Southern District of Florida plaintiffs and plaintiffs in the District of Connecticut, the District of New Jersey, and three of the Western District of Washington actions before the Panel, as well as plaintiffs in fourteen potentially related actions. Plaintiffs in two of the five Western District of Washington actions move for centralization in the Western District of Washington; plaintiffs in the Eastern District of Tennessee action support centralization there; and plaintiffs in the other three Western District of Washington actions alternatively support centralization there. In favor of the Western District of Arkansas as transferee district are plaintiffs in the two Western District of Arkansas actions and the Northern District of Illinois action, and plaintiffs in six potentially related actions. Plaintiffs in two potentially related District of New Jersey actions alternatively support centralization in the Western District of Arkansas. Supporting the Northern District of Illinois as transferee district are all responding defendants, including Menu Foods, Inc., and its related entities, and plaintiffs in one potentially related action. In favor of the Central District of California as transferee district are plaintiffs in nine potentially related actions. Finally, plaintiff in a potentially related Northern District of Ohio action suggests centralization in the Northern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this

---

\* Judge Miller did not participate in the decision of this matter.

[1] The Panel has been notified of 97 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions stem from the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China and used in these products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Although several districts could be described as an appropriate transferee forum for this nationwide litigation, we are persuaded to select the District of New Jersey. Pretrial proceedings are advancing well there and about one-third of all pending actions are already in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Noel L. Hillman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1850 -- In re Pet Food Products Liability Litigation</u>

### Western District of Arkansas

*Charles Ray Sims, et al. v. Menu Foods Income Fund, et al.*, C.A. No. 5:07-5053
*Richard Scott Widen, et al. v. Menu Foods, Inc., et al.*, C.A. No. 5:07-5055

### Central District of California

*Shirley Sexton v. Menu Foods Income Fund, et al.*, C.A. No. 2:07-1958

### District of Connecticut

*Lauri A. Osborne v. Menu Foods, Inc.*, C.A. No. 3:07-469

### Southern District of Florida

*Christina Troiano v. Menu Foods, Inc., et al.*, C.A. No. 0:07-60428

### Northern District of Illinois

*Dawn Majerczyk v. Menu Foods, Inc.*, C.A. No. 1:07-1543

### District of New Jersey

*Jared Workman, et al. v. Menu Foods Ltd., et al.*, C.A. No. 1:07-1338

### Eastern District of Tennessee

*Lizajean Holt, et al. v. Menu Foods, Inc.*, C.A. No. 3:07-94

### Western District of Washington

*Tom Whaley v. Menu Foods, Inc., et al.*, C.A. No. 2:07-411
*Stacey Heller, et al. v. Menu Foods*, C.A. No. 2:07-453
*Audrey Kornelius, et al. v. Menu Foods*, C.A. No. 2:07-454
*Suzanne E. Johnson, et al. v. Menu Foods*, C.A. No. 2:07-455
*Michele Suggett, et al. v. Menu Foods, et al.*, C.A. No. 2:07-457

RULE 1.6:   TRANSFER OF FILES

(a)   Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b)   If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)   If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)   Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
- (i)   a certified copy of the individual docket sheet for each action being remanded;
- (ii)   a certified copy of the master docket sheet, if applicable;
- (iii)   the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
- (iv)   a certified copy of the final pretrial order, if applicable; and
- (v)   a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)   The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.